IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony Ray Bridwell, ) | C/A No. 0:14-1181-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Tony Ray Bridwell, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 404.1520(h).



## ADMINISTRATIVE PROCEEDINGS

In April 2011, Bridwell applied for DIB, alleging disability beginning June 1, 2008. Bridwell's application was denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held via video teleconference on October 17, 2012, at which Bridwell appeared and testified. Although the ALJ informed Bridwell of his right to representation, Bridwell chose to appear and testify *pro se*. After hearing testimony from a vocational expert, the ALJ issued a decision on November 30, 2012 finding that Bridwell was not disabled. (Tr. 18-25.)

Bridwell was born in 1963 and was forty-four years old on his alleged disability onset date. (Tr. 140.) He has passed a General Educational Development ("GED") test and has past relevant work experience as a construction laborer. (Tr. 165.) Bridwell alleged disability due to post-traumatic stress disorder and tuberculosis. (Tr. 164.)

In applying the five-step sequential process, the ALJ found that Bridwell had not engaged in substantial gainful activity from his alleged onset of June 1, 2008 through his date last insured of March 31, 2009. The ALJ also determined that, through the date last insured, Bridwell's antisocial personality disorder and cannabis abuse were severe impairments. However, the ALJ found that, through the date last insured, Bridwell did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that, through the date last insured, Bridwell retained the residual functional capacity to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he could understand simple instructions in a work environment free of fast-paced production requirements involving simple decisions



> with few workplace changes. He would have required no interaction with the public and minimal to no interaction with co-workers and supervisors.

(Tr. 22.) The ALJ found that, through the date last insured, Bridwell was capable of performing past relevant work as a construction worker and that this work did not require the performance of work-related activities precluded by Bridwell's residual functional capacity. Therefore, the ALJ found that Bridwell was not disabled from June 1, 2008, the alleged onset date, through March 31, 2009, the date last insured.

Bridwell, through counsel, submitted additional information to the Appeals Council, which denied his request for review on January 24, 2014, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.

Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUE

The only issue that Bridwell raises for this judicial review is that the Administrative Law Judge did not fully develop the record in this case. (Pl.'s Br., ECF No. 12.)

## DISCUSSION

As an initial matter, the court observes that following a discussion with the ALJ about representation during which the ALJ offered to provide Bridwell additional time to obtain counsel or other representation, Bridwell elected to proceed at that time before the ALJ representing himself. (Tr. 83-84.) An ALJ has a duty to ensure a claimant receives a full and fair hearing of his claims. Sims v. Harris, 631 F.2d 26, 27 (4th Cir. 1980). This duty includes exploring relevant facts and inquiring into issues necessary for adequate development of the record. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986). This duty is particularly important where a claimant appears *pro se*. Marsh v. Harris, 632 F.2d 296, 299 (4th Cir. 1980). However, the heightened duty of care in *pro se* cases relates to the development of the issues and facts in the record, and does not impact the weight to be given to the evidence in the record. See Bell v. Chater, 57 F.3d 1065, 1995 WL 347142, at *4 (4th Cir. June 9, 1995) ("[T]he ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record.") (citing Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994)). Whether he is represented or not, the plaintiff bears the burden of proof, and he is responsible for providing evidence to support his application and demonstrate disability. See 20 C.F.R. § 404.1512(a) & (c).



Bridwell argues that the ALJ erred in failing to develop the record as to whether Bridwell had an active case of tuberculosis during the relevant time period. The record reveals that Bridwell testified that he has tuberculosis and was put on treatment for it in 2003 while he was in prison. (Tr. 95.) Bridwell stated that he did not complete the treatment program because he was released from prison and, since his release, he has not had further treatment. (Id.) When questioned by the ALJ (who indicated that tuberculosis is a contagious, serious illness), Bridwell stated, "They don't seem to think that it's too big of a bother, so I'm not concerned about it neither." (Id.)

The medical records from the South Carolina Department of Corrections reveal that on April 29, 2003 Bridwell had a positive purified protein derivative (PPD) of 18-mm, but on May 8, 2003 Bridwell's chest x-ray was negative for active tuberculosis.[2] (Tr. 256.) The records indicate that Bridwell agreed to start isoniazid (INH) therapy on a bi-weekly basis. (Id.)

An August 2012 consultative medical examination by Dr. Stuart M. Barnes noted in pertinent part that Bridwell's records indicated that Bridwell was diagnosed with positive PPD in April 2003 and that he was started on INH therapy and vitamin B6 for six months. (Tr. 264.) Dr. Barnes indicated that Bridwell stated that he did not complete this regimen and had no medical follow up for tuberculosis. (Id.) On examination, Dr. Barnes found the following: "Chest is clear to auscultation. I hear no rales, rhonchi, or wheezes at this time. Chest expands normally on

---

[2] Notably, a tuberculin skin test is used to determine the presence of infection with tuberculosis where "[a] solution containing purified protein derivative is injected intradermally into the arm, and the response is read 48 to 72 hours later. . . . [A] 15-mm induration is considered a positive result. A positive response indicates infection but does not distinguish between active infection and that which has been controlled by the immune system or drugs." Taber's Cyclopedic Medical Dictionary 2246 (20th ed. 2005).



inspiration; there is good ventilation into the lung bases." (Tr. 266.) Also in August 2012, Bridwell was sent to Anmed Health Campus for a tuberculosis test, which was positive. (See Tr. 217, 283.)

With regard to Bridwell's tuberculosis, the ALJ found, after specifically discussing the above records, that there was no evidence of any subsequent treatment or problems resulting from his tuberculosis. The ALJ observed that Bridwell "continues to smoke marijuana every day and smoked cigarettes" and found that "this condition did not significantly affect his ability to function and is a nonsevere impairment." (Tr. 21.)

Importantly in this case, as stated above, the evidence demonstrates that since 2003 Bridwell has neither received nor sought any treatment for this condition and testified that he was not concerned about the tuberculosis. Moreover, Bridwell does not allege the existence of any records that the ALJ failed to obtain and, in fact, in August 2012 Bridwell underwent a full physical consultative examination with Dr. Barnes and a follow-up tuberculosis skin test at the direction of the state disability determination service. Dr. Barnes found that Bridwell could physically perform a wide range of work. (Tr. 269-74.) Accordingly, the court cannot say that the evidence was ambiguous or inadequate for the ALJ to evaluate. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."); Bell, 1995 WL 347142, at *4 ("[T]he ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record."). Furthermore, Bridwell's position that the ALJ should have sought additional evidence that would somehow support a finding

of disability is purely speculative.[3]  See Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000) (requiring for a claimant to show prejudice from an ALJ's failure to develop the record, which requires demonstrating that he "could and would have adduced evidence that might have altered the result") (internal quotation marks and citations omitted).  Accordingly, Bridwell has failed to demonstrate error by the ALJ.

## RECOMMENDATION

For the foregoing reasons, the court finds that Bridwell has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517.  The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 10, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] Moreover, Bridwell obtained counsel to represent him before the Appeals Council who sought additional time to obtain new and material evidence regarding Bridwell's mental impairments.  Notwithstanding obtaining the additional time, counsel only submitted briefs to the Appeals Council listing a psychiatrist and three psychologists who were not willing to see Bridwell because of his history of tuberculosis and arguing that the ALJ should have developed the record as to the status of Bridwell's tuberculosis.  (Tr. 4, 6-7, 219-20.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).